## Springfield Consolidated Railway Co. v. Thomas Flynn.

1. INSTRUCTIONS—*Should Not Invite the Jury to Disregard the Issue.*—An instruction, the direct influence of which is to invite the jury to disregard the question whether a preponderance of the evidence supports a charge of negligence in the declaration, and to return a verdict predicated upon the act of a party as to which no charge is made or issue pending for the determination of the jury, is erroneous.

2. COMMON CARRIERS—*Liability for the Acts of Passengers.*—A common carrier of passengers is not liable for the acts of one passenger against another, upon the ground alone that the act was done in the presence of an agent of the carrier, and that such agent knew that the act was done.

Memorandum.—Action for personal injuries. In the Circuit Court of Sangamon County; the Hon. JACOB FOUKE, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

WILSON & WARREN, and PALMER, SHUTT & DENNAN, attorneys for appellant.

CONNOLLY & MATHER, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment in the sum of $4,000, rendered in an action on the case against the appellant company as damages for a personal injury sustained by the appellee while a passenger upon one of appellant's cars in the city of Springfield. The declaration contained two counts; in the first it is charged that appellee was a passenger on one of appellant's cars, and that the servants and agents of the appellant willfully, forcibly, violently and negligently pushed another passenger against him in such manner as to forcibly and violently throw him from the car to the ground, while the car was in motion, whereby his left leg was broken, etc. The second charges that the appellant, by its servants and agents, willfully, forcibly, violently and negligently forced and threw the appellee from the car to and upon the ground, whereby his leg was broken, etc. The specific acts of negligence charged in these counts, or one of them, must have been established by the evidence, in order to maintain the judgment. It appeared from the testimony, practically without dispute, that the appellee and his brother-in-law, one Thomas Connolly, boarded a street car on appellant's line at the corner of Second and Monroe streets, in Springfield, intending to ride to the city limits; both had been indulging in intoxicating liquor, and Connolly was considerably under its influence. They declined to take seats in the car where other passengers, both male and female, were riding, but persisted in standing upon the rear platform. After the car had proceeded but a short distance on its route Connolly became boisterous and disorderly and indulged in profane and obscene language in a loud tone of voice. The conductor rebuked him several times without effect, and at length requested the appellee to induce him to be quiet, which provoked him to a renewed outbreak of profanity and obscenity, whereupon the conductor told appellee that he would remove Connolly from the car at the next stopping place if such misconduct continued. Connolly declared, with an oath, that no conductor could put him off, and continued his disorderly course. When the car reached

the next street crossing the conductor laid hold upon Connolly for the purpose of putting him off the car. That Connolly ought to have been removed is undeniable. He resisted, but the conductor pulled him from the car, and the appellee came to the ground with him and had his leg broken. How and why the appellee left or was forced from the car, was the subject of the only substantial conflict in the whole testimony. As to that the appellee testified as follows: " Smith, the conductor, caught hold of Connolly and began to pull him from the dashboard, and tried to shove him off, and shoved him against me, and shoved both of us off. He and McGlassen (a passenger), I suppose both of them. They shoved us off and I got my leg broken." McGlassen testified that " the conductor got upon the step of the car, caught hold of Connolly, who was upon the platform, and attempted to pull him off the car; that the appellee drew back his arm to strike the conductor; that he (the witness) caught the appellee to prevent him from hitting the conductor, and pulled him back toward the door of the car; that the appellee broke away from him and caught Connolly or in some way fell off with him." The conductor (Smith) testified that he got upon the step, seized Connolly and pulled him from the car; that something seemed to be holding Connolly back, and that finally the appellee came to the ground with him. Here we find the testimony of two witnesses in conflict with that of the appellee. The evidence of the two seems to establish the fact to be that the appellee voluntarily engaged in an effort to assist Connolly in maintaining his position on the platform; that he attempted to assault the conductor in the effort and failing in this because of the intervention of McGlassen caught hold of Connolly in order to hold him upon the car, and both went off together in the struggle. If such was the true state of the case, no one would contend that either count of the declaration was supported by the proof, or that any right of recovery existed. It may be argued that the testimony of the appellee was accepted by the jury as entitled to more weight than that of the conductor and McGlassen, and that

it sufficiently sustained the plaintiff's case as stated in the first count, *i. e.*, that the conductor forcibly and violently pushed Connolly against the appellee, and thereby threw him from the car. Without conceding that we should or would regard the jury as warranted in so accepting and giving such great weight to the testimony of the appellee, it is only necessary to say that the jury were not left free by the instructions of the court to rest their verdict upon such a solution of the conflicting testimony. Instruction No. 1, given at the request of the appellee, is as follows: "It is the duty of a street railway company not only to use all reasonable means to protect its passengers from the violence and misconduct of its own servants, but also to protect them from the assaults and violence of the other passengers, and if the jury should find from the evidence that while the conductor of the car was engaged in removing another passenger from the car, another person who was a passenger, pushed or pulled, or shoved the plaintiff in the way of the passenger being so removed, in the presence of and with the knowledge of the conductor, and the conductor could, by the exercise of reasonable diligence, have avoided the injury, and that thereby the plaintiff, while using due care for his own safety, received the injuries complained of, then you should find the defendant guilty, and assess the plaintiff's damages at such sum as will compensate him for expenses incurred in being healed (if you find such expenses proven), and as will compensate him for any injuries you find proven, or for any pain or suffering proven to have been endured." The direct influence of this instruction was to invite the jury to disregard the question whether a preponderance of the evidence so supported the charge made in either count of the declaration, and to return a verdict predicated, not upon the alleged negligence of the agents and servants of the appellants, as charged in each count of the declaration, but upon the act of a passenger, as to which no charge was made and no issue pending for determination by the jury.

Furthermore, we know of no authority and none has been cited holding a common carrier liable for the acts of one

passenger against another passenger upon the ground alone that the act was done in the presence of an agent of the carrier and that such agent knew that the act was done. Again, we think there was no proof upon which to base the intimations found in the instruction that McGlassen, the passenger, pushed or shoved the appellee in the way of Connolly as he was being removed by the conductor, or that the conductor had any knowledge whatever of any acts of McGlassen in connection with the appellee. For either of the reasons suggested this instruction ought not have been given. We find nothing in the evidence other than that which has been referred to, tending to support the testimony of the appellee, that the conductor or any agent or servant of the company pushed or shoved him from the car or pushed or forced another passenger against him, thereby causing him to fall from the car. Nor is the evidence sufficient to convince the minds of his counsel, that his version of the manner of the injury ought to be accepted. On page five of their brief, appellee's counsel quote the testimony of Miss Tilly Dorr, who was a passenger at the time, as follows—" We had got upon or turned on Governor street before the car stopped, and the conductor got hold of Connolly and pulled him, and stepped down on the ground, and Connolly got hold of Flynn. The conductor pulled Connolly off. I could not tell how Connolly got hold of Flynn," and say : " Here is the explanation of how Flynn (the appellee) got off the car. * * * She says Connolly had hold of Flynn, when the conductor was pulling Connolly off; naturally, he would grab Flynn or anything to hold himself on the car. This we say, accounts for Flynn going off the car, and why such force was used as caused such an injury."

If in this view counsel are correct, then liability upon the part of the company could only be established by showing that Connolly, in endeavoring to resist· the efforts of the conductor to remove him from the car, caught hold of Flynn, and that the conductor knew this, and having such knowledge, recklessly or negligently pulled both together

from the car. No such negligence or wrong is alleged in either count of the declaration, no such theory of recovery was presented to the jury by any of the instructions, and it can not be resorted to for the first time, to sustain the judgment in this court. A careful consideration of all the evidence in the case has not impressed us favorably as to the right of the appellee to recover upon the merits. If he received his fall from the car under the circumstances detailed by the conductor and McGlassen, the injury consequent thereupon must be attributed largely to his own unjustifiable conduct. For the reason that the truth as to this controlling controversy does not seem to have been determined by the jury, and because of the errors pointed out in instruction No. 1, heretofore set out, the judgment must be and is reversed and the cause remanded.